61 F.3d 905
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Craig Allan GORDON, Plaintiff-Appellant,
v.
PEORIA SCHOOL DISTRICT 150, Harry Whitaker, Vicky Dobrinski,
Dave Berto and A. Lou Benassi, Defendants-Appellees.
 No. 95-1001.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 29, 1995.*
Decided July 10, 1995.
Rehearing Denied July 25, 1995.
 
 Before CUMMINGS, COFFEY and ROVNER, Circuit Judge.
 
 ORDER
 
 1
 Craig Allan Gordon filed suit against the Peoria School District, various school district employees, and his former attorney claiming violations of his civil rights. 42 U.S.C. Sec. 1983. Gordon asserts that his school records reflect his special education status and have barred him from employment. The district court denied Gordon's motion to proceed in forma pauperis and dismissed his complaint as frivolous, 28 U.S.C. Sec. 1915(d), finding no constitutional claim and that the action is barred by the statute of limitations because Gordon waited twelve years to file suit. Gordon appeals. We affirm.
 
 
 
 *
 After preliminary examination of the brief, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record
 . A district court may dismiss a complaint brought in forma pauperis if its factual allegations and legal conclusions lack an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). Under Sec. 1915(d), judges have the "unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Denton v. Hernandez, 112 S.Ct. 1728, 1733 (1992) (quoting Neitzke, 490 U.S. at 327). We review dismissal under Sec. 1915(d) for an abuse of discretion. Denton, 112 S.Ct. at 1734; Billman v. Indiana Department of Corrections, No. 94-2605, slip op. at 2 (7th Cir. June 5, 1995).
 . The statute of limitations for a Sec. 1983 action is two years. Palmer v. Board of Education of Community Unit School District, 46 F.3d 682, 684-85 (7th Cir.1995) (action against school district); Kalimara v. Illinois Dept. of Corrections, 879 F.2d 377 (7th Cir.1989); see generally Wilson v. Garcia, 471 U.S. 261 (1985). In this case, Gordon filed suit in late 1994 and the conduct of which Gordon complains occurred "beginning in the 1974 school year and ending in 1982," (R. at 2, p. 3), well outside 1983's two year statute of limitation. Gordon asserts no basis to toll the statute of limitations. Under these circumstances, this action is time-barred and the district court did not abuse its discretion in dismissing Gordon's complaint as frivolous. However, given the plainly frivolous nature of this action, the district court should have denied Gordon's petition to proceed in forma pauperis with prejudice.
 . AFFIRMED.